1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    FLOYD McKNIGHT,                          No. CIV S-10-1437-CMK-P

12                    Plaintiff,

13         vs.                                 ORDER

14    SALINAS, et al.,

15                    Defendants.

16    _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18    U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26    This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Salinas, Niles, Farrar, Lieberg, Craw, Newman, Foreg, Wong, Russell, Zuniga, Hamer, and Teal. Plaintiff claims that, on April 28, 2010, he began experiencing severe migraine headaches. As plaintiff's condition worsened, plaintiff's cell mate called out "man down" in order to secure medical assistance for plaintiff. According to plaintiff, it took ten to fifteen minutes for a prison guard to respond. Plaintiff states that an unnamed prison guard finally arrived and he told the guard about his headache and related symptoms.

Next, plaintiff claims that he was taken to the medical clinic and seen by an unnamed prison nurse who, according to plaintiff, gave plaintiff Ibuprofin instead of referring him to see a doctor. Plaintiff states that the medication provided by the nurse was not effective in treating his symptoms. Plaintiff states that, back at his cell, his symptoms continued to worsen until he eventually passed out. Again, his cell mate called "man down." At this point, plaintiff began to have some kind of seizure and to bleed from his nose and mouth. According to plaintiff, he was not moving and his cell mate again called out for staff assistance. Again, plaintiff alleges that it took up to fifteen minutes for staff to respond.

/ / /

/ / /

When staff finally responded, plaintiff states that, rather than attending to him, they began to accuse his cell mate of causing plaintiff's injuries.  Eventually, according to plaintiff, an unnamed prison African-American nurse arrived.  Plaintiff states that, when the nurse noticed that plaintiff had a tattoo of a swastika on his hand, "she refused and delayed her administration of immediate medical treatment. . . ."  Plaintiff states that, following pleading by his cell mate for help, he was eventually "dragged" from the cell, all the while still bleeding.  Plaintiff adds that the emergency alarm was not sounded until 30 minutes after he passed out.  Plaintiff's neck was braced and he was taken on a stretcher to the medical clinic.

Plaintiff next states that he was taken to an outside hospital for diagnostic assessment where it was later learned that plaintiff had a brain tumor.  The doctors opined that plaintiff could die without surgery.  Plaintiff states that he has not been allowed to have the surgery and has not been provided prescribed medications.

Finally, plaintiff alleges that the prison warden – defendant Salinas – has "devised a[n] underground system" to frustrate inmate grievances.  Specifically, plaintiff claims that, under this "system,"  defendants Russell and Craw withheld his grievances from being filed.

## II.  DISCUSSION

Plaintiff's complaint suggests claims under the Eighth Amendment for delayed and/or denied medical care, and claims under the Fourteenth Amendment based on denial of equal protection.  Plaintiff also appears to allege claims based on interference with the grievance process.

At the outset, the court observes that plaintiff does not assert any specific factual allegations relating to specific defendants.  Instead, he refers generally to "defendants."  Plaintiff must state in specific terms what each defendant did that caused or contributed to an alleged constitutional violation.  For example, plaintiff states that an unnamed African-American nurse refused to provide him treatment because he had a swastika tattooed on his hand.  For this claim

1  to proceed, plaintiff must state the name of the nurse.  Similarly, with respect to all other

2  defendants named in the complaint, plaintiff must state what each one did that resulted in a

3  violation of plaintiff's rights.

4         Turning to plaintiff's apparent claim relating to the grievance process, prisoners

5  have no stand-alone due process rights related to the administrative grievance process.  See Mann

6  v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

7  Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance

8  process).  Because there is no right to any particular grievance process, it is impossible for due

9  process to have been violated by ignoring or failing to properly process grievances.   Numerous

10  district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL

11  1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any

12  constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison

13  officials' failure to properly process and address grievances does not support constitutional

14  claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing

15  complaint without leave to amend because failure to process a grievance did not implicate a

16  protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding

17  that prisoner's claim that grievance process failed to function properly failed to state a claim

18  under § 1983).

19         Prisoners do, however, retain a First Amendment right to petition the government

20  through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

21  Therefore, interference with the grievance process may, in certain circumstances, implicate the

22  First Amendment.  Such a claim would be based on the theory that interference with the

23  grievance process resulted in a denial of the inmate's right to access to the courts.  This right

24  includes petitioning the government through the prison grievance process.  See Lewis v. Casey,

25  518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d

26  1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).

The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes.  Lewis, 518 U.S. at 362.

In this case, plaintiff merely alleges that defendants interfered with his ability to present grievances.  He does not, however, allege that such interference resulted in any actual injury with respect to contemplated or ongoing habeas or civil rights litigation.  To state a claim, the interference complained of would have had to result in plaintiff's being unable to present or pursue a habeas or civil rights claim.  Plaintiff has not indicated any such inability.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the

time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend; and

2.      Plaintiff shall file an amended complaint within 30 days of the date of

service of this order.

DATED: November 9, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE