IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD McKNIGHT,                             No. CIV S-10-1437-CMK-P

    Plaintiff,

  vs.                                                      ORDER

SALINAS, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

        On November 10, 2010, the court directed plaintiff to file an amended complaint within 30 days.  Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.  As of December 17, 2010, plaintiff had not complied and the court directed plaintiff to show cause in writing why this action should not be dismissed.  Plaintiff was again warned that failure to respond could result in dismissal of the action.  To date, plaintiff has not filed an amended complaint or responded to the court's order to show cause.

1    The court must weigh five factors before imposing the harsh sanction of
2 dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14    In this case, plaintiff has failed to prosecute the action by filing an amended
15 complaint as directed. Plaintiff's failure also constitutes non-compliance with the court's
16 November 10, 2010, order to file an amended complaint. Finally, plaintiff has not responded to
17 the court's December 17, 2010, order to show cause. Given plaintiff's refusal to prosecute this
18 action as directed, the court finds that dismissal is warranted as an appropriate sanction.
19    Accordingly, IT IS HEREBY ORDERED that:
20    1.   This action is dismissed without prejudice; and
21    2.   The Clerk of the Court is directed to enter judgment and close this file.

23 DATED: February 9, 2011

24                                   _____
                                     **CRAIG M. KELLISON**
25                                   UNITED STATES MAGISTRATE JUDGE